Jyoti Mittal, Bar No. 288084
jmittal@littler.com
Jonathan Russell Blakey, Bar No. 333584
rblakey@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
Telephone: 310.553.0308
Facsimile: 800.715.1330

Alyssa S. Gjedsted, Bar No. 284588
agjedsted@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street, 63rd Floor
Los Angeles, California 90071
Telephone: 213.443.4300
Facsimile: 800.715.1330

Attorneys for Defendant
FORWARD AIR SERVICES, LLC

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
2/2/2026 4:55:46 PM

Clerk of the Superior Court
By M. Sepulveda ,Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

CARMELO VIELMA, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

FORWARD AIR SERVICES, LLC, a California limited liability company; and DOES through 10, inclusive,

Defendants.

Case No. 25CU059055C

**DEFENDANT FORWARD AIR SERVICES, LLC'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

ASSIGNED FOR ALL PURPOSES TO HON. EVAN P. KIRVIN, DEPT. C-69

Trial Date: None Set
Complaint Filed: October 31, 2025

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

Defendant FORWARD AIR SERVICES, LLC ("Defendant"), by and through its attorneys, hereby answers the unverified Class Action Complaint ("Complaint") filed by Plaintiff CARMELO VIELMA ("Plaintiff") as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure section 431.30, subdivision (d), Defendant generally and specifically denies each and every allegation in the Complaint. In addition, Defendant denies that Plaintiff and/or the putative class members Plaintiff seeks to represent have sustained or will sustain any loss or damage in the manner or amount alleged, or otherwise, by reason of any act or omission of, or any other conduct or absence thereof on the part of, Defendant. Defendant further generally and specifically denies that Plaintiff and/or the putative class members Plaintiff seeks to represent are entitled to any relief whatsoever.

Defendant's general denial is based on the factual contentions which include, but are not limited to, the following: (1) Defendant properly and timely paid employees for all wages owed through the Labor Code, including but not limited to minimum wages for all hours worked and overtime calculated at the proper regular rate of pay; (2) Defendant provided employees with legally-compliant meal periods and rest breaks; (3) Defendant properly paid employees meal period and rest break premiums at the proper rate; (4) Defendant reimbursed all employees for all business-related expenses; (5) Defendant paid all wages due upon termination of employment to terminated employees; (6) Defendant provided employees with complete and accurate wage statements; (7) Defendant did not engage in unlawful business acts or practices in violation of California Business and Professions Code section 17200, *et seq*.; (8) Defendant's alleged misconduct did not injure or otherwise damage employees; (9) Plaintiff's definition of the proposed class is unreasonably broad; (10) Plaintiff will be unable to establish the prerequisites for class certification, including, but not limited to: standing, numerosity, commonality (questions of law or fact common to the class), typicality (Plaintiff's claims are typical of the class), superiority (of the class action mechanism), class action manageability (of the trial plan) and that Plaintiff is an adequate class representative; (11) there is no violation of Labor Code section 226 for failing to list a rate that allegedly should have been paid, a Labor Code section 226 claim arises solely when the elements of Labor Code section 226 have not been met (*see Maldonado v. Epsilon Plastics, Inc.*, 22 Cal. App. 5th 1308, 1336-37

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

(2018), *review denied* (Aug. 22, 2018) (employees were not entitled to penalties for inaccurate wage statements where wage statements were accurate in that they correctly reflected hours worked and pay received at the time they were distributed); *Soto v. Motel 6 Operating, L.P*, 4 Cal. App. 5th 385, 392 (2016); (12) at all times relevant Defendant did not act jointly, in concert nor conspire with, and/or ratify the acts of, or carry out any joint scheme, business plan or policy with, any third parties, including any other DOE defendants, to cause damages, if any, to Plaintiff or any putative class member and is not an alter ego, agent, or employee of, or joint employer with, any other DOE defendants or third party.

Defendant reserves its due process rights to receive a determination regarding class certification and contend that class certification is not appropriate in this instance.

Given the conclusory nature of the Complaint, Defendant hereby reserves its rights to amend or supplement its Answer upon further investigation and discovery of facts supporting its defenses.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative and other defenses, which are designated, collectively, as "Affirmative Defenses." Defendant's designation of defenses as "affirmative" is not intended in any way to alter Plaintiff's burden of proof with regard to any element of his causes of action. Defendant also expressly denies the existence of any alleged putative class of persons that Plaintiff purports to represent in this lawsuit. Defendant incorporates (as if fully set forth herein) this express denial with every reference to "Plaintiff," and "putative class members." Finally, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief.

In asserting these defenses, Defendant does not admit any of the allegations of the Complaint and does not assume the burden of proof or persuasion as to any matter that, as a matter of law, is Plaintiff's burden to prove. Further, Defendant does not presently know all the facts concerning the conduct of Plaintiff, and/or the putative class members Plaintiff seeks to represent sufficient to state all affirmative defenses at this time. Defendant intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to seek leave to amend this Answer to assert all such further defenses.

/ / /

/ / /

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

**FIRST AFFIRMATIVE DEFENSE**

**(Arbitration Agreement)**

1. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff, and/or putative class members he seeks to represent are bound by an arbitration agreement under the Federal Arbitration Act ("FAA") with a class, collective and representative action waiver requiring that the claims alleged in Plaintiff's complaint be resolved through individual arbitration and not via a class or representative action to the maximum extent permitted by law. *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639 (2022); *Mandviwala v. Five Star Quality Care, Inc.*, 723 Fed. Appx. 415, 417-18 (9th Cir. 2018).

**SECOND AFFIRMATIVE DEFENSE**

**(Claims Subject to Arbitration)**

2. As a separate and distinct defense, Defendant alleges that Plaintiff's claims are barred in whole or in part because some or all of the putative class members Plaintiff seeks to represent entered into an agreement to submit all employment-related claims to final and binding arbitration on an individual basis. *See AT&T Mobility, LLC v. Concepcion*, 131 S. Ct. 1740 (2011). Defendant does not waive the right to enforce the signed arbitration agreements of putative class members, including Plaintiff's signed agreement.

**THIRD AFFIRMATIVE DEFENSE**

**(Motor Carrier Exemption)**

3. As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, because they were exempt from overtime pursuant to the Motor Carrier Exemption under both state and federal law, including the Federal Motor Carrier Safety Act ("FMCSA"), 49 U.S.C. § 31141, and implementing regulations of the Federal Motor Carrier Safety Administration ("Federal Motor Carrier Safety Regulations"), and/or section 1200 of Title 13 of the California Code of Regulations in that they are subject to hours of service regulation under state and federal law.

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

**<u>FOURTH AFFIRMATIVE DEFENSE</u>**

**(California Motor Carrier Exemption)**

4. As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, part by California statutes and regulations that exempt employees from the overtime provisions of the California Labor Code, including, but not limited to, Title 8 of the California Code of Regulations section 11090 and the hours of service regulations of the Department of the California Highway Patrol, as set forth in Title 13 of the California Code of Regulations section 1200, *et seq*.

**<u>FIFTH AFFIRMATIVE DEFENSE</u>**

**(Laches)**

5. As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of laches. Without limiting Defendant's reliance on this affirmative defense, to the extent that Plaintiff and/or the putative class members Plaintiff seeks to represent failed to complain during their hours worked about supposed violations of the law (as alleged in the Complaint), then they are now barred from seeking relief by the doctrine of laches.

**<u>SIXTH AFFIRMATIVE DEFENSE</u>**

**(Waiver)**

6. As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of waiver. During the relevant time period, Defendant maintained legally compliant policies, which included, but were not limited to, policies regarding wage statements, meal periods and rest breaks. Without limiting Defendant's reliance on this affirmative defense, to the extent that Plaintiff and/or the putative class members Plaintiff seeks to represent failed to take meal periods or rest breaks that were provided and/or authorized and permitted by Defendant, they waived their right to take them.

/ / /

/ / /

/ / /

**SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

7. As a separate and distinct affirmative defense, Defendant asserts that the Complaint, and each and every alleged cause of action therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

8. As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of unclean hands. Without limiting Defendant's reliance on this affirmative defense, to the extent Plaintiff and/or the putative class members Plaintiff seeks to represent seek compensation for time they willfully failed to report and/or characterized as time worked, such claims are barred by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

**(Consent)**

9. As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of consent.

**TENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

10. As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of unjust enrichment. Without limiting Defendant's reliance on this affirmative defense, to the extent that Plaintiff and/or the putative class members Plaintiff seeks to represent, *inter alia*, had many opportunities for meal periods and/or rest breaks, for such persons to receive additional monies for rest breaks, or meal period and/or rest break premiums, would result in unjust enrichment. Thus, receiving additional compensation would be inequitable under the circumstances of the case, to the extent that Plaintiff and/or the putative class members Plaintiff seeks to represent have already received compensation for the claims alleged in the Complaint.

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Prior or Pending Litigation – Collateral Estoppel/*Res Judicata*)**

11. As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred by the doctrines of collateral estoppel and/or *res judicata* to the extent that Plaintiff and/or the putative class members Plaintiff seeks to represent have litigated issues raised by the Complaint prior to adjudication of those issues in the instant action.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Release)**

12. As a separate and distinct affirmative defense, Defendant alleges that the Complaint and the causes of action set forth therein are barred to the extent that Plaintiff and/or the putative class members Plaintiff seeks to represent have released Defendant from any liability alleged in the Complaint prior to the adjudication of those claims in this action.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

13. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims fail because Plaintiff and/or the putative class members Plaintiff seeks to represent have been fully paid all amounts legally owed by Defendant, are barred by the doctrine of accord and satisfaction, and by accepting the payments made to them, Plaintiff and/or the putative class members Plaintiff seeks to represent have effectuated an accord and satisfaction of their claims.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Claims Discharged)**

14. As a separate and distinct affirmative defense, Defendant alleges the Complaint and each cause of action set forth therein are barred because all or premium pay, interest, attorneys' fees, penalties and/or other relief sought by Plaintiff on his own behalf and/or on behalf of some or all of putative class members Plaintiff seeks to represent were, or will be before the conclusion of this action, paid or collected, and therefore, the claims of Plaintiff and/or the putative class members Plaintiff seeks to represent have been partially or completely discharged.

/ / /

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Statutes of Limitation)**

15. As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred by the applicable statutes of limitation, including, but not limited to, California Code of Civil Procedure sections 337, 338(a) and (d), 339, 340 and 343, Labor Code sections 226, 203, and 2699(c), and/or California Business & Professions Code section 17208.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Did Not Act Jointly)**

16. As a separate and distinct affirmative defense, Defendant alleges that at all times relevant it did not act jointly, in concert nor conspire with, and/or ratify the acts of, or carry out any joint scheme, business plan or policy with, any third parties, including any other DOE defendants, to cause damages, if any, to Plaintiff and/or the putative class members Plaintiff seeks to represent and are not an alter ego, agent, or employee of, or joint employer with, any other DOE defendants or third party.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

17. As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained because, without admitting that any violation took place, any violation of the Labor Code or Order of the Industrial Welfare Commission was not knowingly, willfully, or intentionally done and/or was an act or omission made in good faith, because Defendant made reasonable attempts to determine the requirement of the law governing meal and rest periods and there exists a good faith dispute as to whether further compensation is due. Therefore, Plaintiff and/or the putative class members Plaintiff seeks to represent are not entitled to any damages in excess of any wages and are not entitled to any liquidated damages. *See Iloff v. LaPaille*, 18 Cal.5th 551, 558 (2025).

/ / /

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Breach of Duties)**

18. As a separate and distinct affirmative defense, Defendant alleges that the claims of Plaintiff and/or the putative class members Plaintiff seeks to represent are barred by their own breach of the duties owed to Defendant pursuant to the California Labor Code, including but not limited to California Labor Code sections 2853, 2854, 2856, 2857, and/or 2859, and/or the refusal or failure by Plaintiff and/or the putative class members Plaintiff seeks to represent to meet Defendant's reasonable expectations and the job performance requirements, to include abiding by Defendant's policies and/or wage/hour requirements.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Preliminary or Postliminary Activities)**

19. As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each purported cause of action alleged therein, are barred in whole or in part as to all hours during which Plaintiff, and/or putative class members Plaintiff seeks to represent were engaged in activities which were preliminary or postliminary to their principal activities.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Irregular and Brief)**

20. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is barred from recovering penalties because even if he establishes any of his claims, they involve activities that are so irregular and brief in duration that it would not be reasonable to require Defendant to compensate Plaintiff and/or the putative class members Plaintiff seeks to represent for the time spent on them. *See Troester v. Starbucks Corp*., 5 Cal.5th 829, 835 (2018).

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Irregular and *De Minimis*)**

21. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is barred from recovering penalties because even if he establishes any of his claims, they involve activities that are so irregular and brief in duration that it would not be reasonable to require Defendant to compensate Plaintiff and/or the putative class members Plaintiff seeks to represent for the time spent on them. *See Troester v. Starbucks Corp*., 5 Cal.5th 829, 835 (2018).

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Actions by Agents Outside the Scope of Authority)**

22. As a separate and distinct affirmative defense, Defendant alleges that claims in the Complaint cannot be maintained against Defendant because if employees of Defendant (including Plaintiff) took the actions alleged, such actions were committed outside the course and scope of such employees' employment, were not authorized, adopted or ratified by Defendant and Defendant did not know of nor should it have known of such conduct.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

23. As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action therein are barred by the doctrine of avoidable consequences. Plaintiff and/or the putative class members Plaintiff seeks to represent, unreasonably failed to use the preventative and corrective opportunities provided to them by Defendant, such as reporting all time worked, non-compliant meal and/or rest breaks on time sheets and reasonable use of Defendant's procedures would have prevented at least some, if not all, of the harm allegedly suffered by Plaintiff and/or the putative class members Plaintiff seeks to represent.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Secreted or Absented)**

24. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims for penalties based on waiting time penalties are barred because Plaintiff and/or some, or all, of the putative class members Plaintiff seeks to represent, secreted or absented themselves to avoid payment of wages, or refused payment fully tendered by Defendant, thereby relieving Defendant of liability for penalties predicated on the Labor Code, including but not limited to Labor Code section 203.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(No Knowledge of Work)**

25. As a separate and distinct affirmative defense, Defendant alleges that if either Plaintiff, and/or putative class members Plaintiff seeks to represent "worked" hours for which compensation was not paid, Defendant had no knowledge, or reason to know, of such "work" and such "work" was

undertaken without the consent or permission of Defendant. Because Defendant had no knowledge of such "work," Plaintiff, and/or putative class members Plaintiff seeks to represent cannot claim to have been "suffered and permitted" to work as is required for time to be considered "hours worked" within applicable Wage Order(s). Furthermore, any such lack of notice occurred because Plaintiff, the putative class members, and/or third parties actively prevented Defendant from acquiring such knowledge.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Credit and Offset)**

26. As a separate and distinct affirmative defense, Defendant alleges that it is entitled to an offset against any relief due Plaintiff and/or the putative class members Plaintiff seeks to represent based upon their respective wrongful conduct and/or monies owed to Defendant, including, but not limited to, any payment for meal and/or rest break premiums.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Labor Code § 226 - Substantial Compliance)**

27. As a separate and distinct affirmative defense, Defendant alleges that any claims for penalties pursuant to Labor Code section 226 are barred, in whole or in part, because Defendant substantially complied with all applicable laws, statutes, regulations, and applicable Wage Orders.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Labor Code § 226 - No Injury and No Knowing and Intentional Failure)**

28. As a separate and distinct affirmative defense, Defendant alleges that, assuming *arguendo* that Plaintiff and/or the putative class members Plaintiff seeks to represent were not provided with a proper itemized statement of wages, Plaintiff and/or the putative class members Plaintiff seeks to represent are not entitled to recover damages because they were not "injured" and because Defendant's alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional failure" under California Labor Code section 226(e). *See, e.g., Naranjo v. Spectrum Security Servs., Inc.*, 15 Cal.5th 1056, 1065 (2024) (holding that an employer's objectively reasonable, good faith, albeit mistaken, belief that it provided employees with adequate wage statements precludes award of civil penalties); *Maldonado v. Epsilon Plastics, Inc.*, 22 Cal. App. 5th 1308, 1336-1337 (2018) (holding that injury under Labor Code section 226 is only presumed if one of the required categories of information on a paystub is omitted and

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

a reasonable person is unable to readily ascertain the missing information without referencing other documents or information).

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(No Labor Code 226 Claims for Derivative Wage Claims)**

29. As a separate and distinct affirmative defense, Defendant has no duty under Labor Code section 226 to Plaintiff and/or the putative class members Plaintiff seeks to represent beyond enumerating the nine required elements on the itemized statement including the applicable hours and rates, and, thus, Plaintiff's wage statement claim for derivative violations of the Labor Code fails under *Maldonado v. Epsilon Plastics, Inc.*, 22 Cal.App.5th 1308 (2018).

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Defendant Maintained Accurate Payroll Records and Provided Wage Statements that Accurately Reported the Hours and Rates in Effect)**

30. As a separate and distinct affirmative defense, Defendant alleges that any underlying claims for failure to maintain accurate payroll records and/or for penalties pursuant to Labor Code section 226 are barred, in whole or in part, because Plaintiff, and/or putative class members Plaintiff seeks to represent were provided wage statements that accurately set forth the amount of the wages they received as well as the hours and rates that were used to calculate such wages, and thus, Plaintiff's wage statement claim fails under *Maldonado v. Epsilon Plastics, Inc.*, 22 Cal.App.5th 1308 (2018).

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Labor Code § 203 – Not Willful)**

31. As a separate and distinct affirmative defense, Defendant alleges that any claim for penalties pursuant to Labor Code section 203 is barred, in whole or in part, because any failure to pay waiting time penalties was not knowing, intentional, or willful.

/ / /

/ / /

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Labor Code § 203 – No Penalties After Filing of Complaint)**

32. As a separate and distinct affirmative defense, Defendant alleges Plaintiff and/or the putative class members Plaintiff seeks to represent, are barred from seeking any civil penalties pursuant to Labor Code section 203 for any violation occurring after the filing of the initial Complaint.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Labor Code § 203 – Good Faith Legal Dispute)**

33. As a separate and distinct affirmative defense, Defendant alleges that any claim for penalties pursuant to Labor Code section 203 is barred, in whole or in part, because Defendant had a good faith legal dispute regarding the interpretation of wage payment obligations at the time of termination. This includes reliance on then-existing case law and guidance prior to decisions such as *Ferra v. Loews Hollywood Hotel, LLC*, 11 Cal.5th 858 (2021), and subsequent clarifications. Defendant contends that its interpretation was objectively reasonable and supported by legal authority.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Labor Code § 203 – Bona Fide Factual Dispute)**

34. As a separate and distinct affirmative defense, Defendant alleges that any claim for penalties pursuant to Labor Code section 203 is barred, in whole or in part, because a bona fide factual dispute existed regarding whether wages or premiums were owed at the time of termination.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(No Private Right of Action)**

35. As a separate and distinct affirmative defense, Defendant alleges that there is no private right of action for an employee to recover wages, damages, or civil penalties pursuant to Labor Code section 204.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Meal Periods – No Automatic Liability)**

36. As a separate and distinct affirmative defense, Defendant alleges that, to the extent Plaintiff and/or the putative class members Plaintiff seeks to represent, have time records that appear to show missed, short, or delayed meal periods, automatic liability does not result and/or the payment of premiums

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

does not constitute an admission that Plaintiff was not provided the opportunity to take a compliant meal period. *See Donohue v. AMN Servs., LLC*, 11 Cal.5th 58, 77 (2021).

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Take Meal Periods or Rest Breaks Provided Under the Law)**

37. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff, and/or putative class members Plaintiff seeks to represent have no right to a premium payment under California Labor Code section 226.7 because, to the extent, if any, that person did not take meal or rest breaks, it was because he/she: (1) failed to take meal periods and/or rest breaks that were provided to him/her in compliance with California law; (2) chose not to take meal periods and/or rest breaks that were authorized and permitted; or (3) waived (orally or in writing) his/her right to meal periods under California Labor Code section 512(a) and/or applicable Wage Order of the Industrial Welfare Commission.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Unreasonable and Unnecessary Alleged Business Expenses)**

38. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint is barred, in whole or in part, because any unreimbursed expenses alleged are not reasonable, are not necessary or required for the job, and/or were not incurred in direct consequence of the discharge of relevant job duties.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

**(No Reason to Know of Expenses)**

39. As a separate and distinct affirmative defense, Defendant alleges that any claim for damages pursuant to Labor Code section 2802 is barred, in whole or in part, because Defendant did not know, and had no reason to know, of any unreimbursed expenses claimed.

**FORTIETH AFFIRMATIVE DEFENSE**

**(Claims Barred Where Violations Have Discontinued)**

40. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims for recovery in the form of restitution, disgorgement, or injunctive relief under California Business and Professions Code section 17200, *et seq*., are barred with respect to any alleged violations that have been discontinued, ceased, or are not likely to recur.

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

**FORTY-FIRST AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

41. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and/or the putative class members Plaintiff seeks to represent are not entitled to equitable relief insofar as they have an adequate remedy at law and are not entitled to any relief with respect to any and all alleged violations of California Business and Professions Code section 17200, *et seq*. that have discontinued, ceased, and are not likely to recur.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

**(Unfair Business Practices – Lack of Standing)**

42. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and/or the putative class members Plaintiff seeks to represent suffered no cognizable injury under California Business and Professions Code section 17200, *et seq*. and therefore lacks standing to pursue a representative or class action thereunder.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

**(Unfair Business Practices – Due Process)**

43. As a separate and distinct affirmative defense, Defendant alleges that prosecution of a representative action on behalf of the general public under California Business and Professions Code section 17200, *et seq*., as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, and rights to equal protection in violation of the California Constitution and the Fourteenth Amendment to the United States Constitution.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

**(Liquidated Damages)**

44. As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every cause of action alleged therein, fails to state a claim for an award of liquidated damages, costs, or attorneys' fees under California Labor Code sections 218.5, 226, 1194, 1194.2(a), Professions Code section 17200, *et seq*., or any other basis.

/ / /

/ / /

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

**(Labor Code §§ 512 and 226.7 Violate Equal Protection)**

45. As a separate and distinct affirmative defense, Defendant asserts that the Complaint, and each and every alleged cause of action therein, or some of them, are barred because Labor Code sections 512 and 226.7 violate the Equal Protection Clause of the United States and California Constitution because they arbitrarily and unjustly exempt certain employers and employees to the exclusion of others without a rational basis for such unequal application of the law.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

(Multiple Penalties Unconstitutional)

46. As a separate and distinct affirmative defense, Defendants allege that the Complaint, and each cause of action set forth therein, or some of them, are barred because, as applied in this representative action, an award of penalties would result in the imposition of excessive, replicating fines or penalties, and/or an unlawful taking in violation of the Fifth and Eighth Amendments to the United States Constitution and Article I, Sections 7 and 8 of the California Constitution, and Defendants' fundamental constitutional rights to due process under the Fourteenth Amendment of the United States Constitution and Constitution and laws of the State of California. *See, e.g., Timbs v. Indiana*, 586 U.S. 146 (2019); *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408 (2003); *People ex rel Lockyer v. R.J. Reynolds Tobacco Co*., 37 Cal.4th 707 (2005).)

**RESERVATION OF ADDITIONAL DEFENSES**

Defendant does not presently know all of the facts concerning the conduct of Plaintiff and Plaintiff's claims sufficient to state all affirmative defenses at this time. Accordingly, Defendant expressly reserves the right to amend this Answer should Defendant later discover facts demonstrating the existence of additional affirmative defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for relief as follows:

1. That the Court dismiss Plaintiff's Complaint in its entirety with prejudice;
2. That the Court deny any request to certify any putative class;
3. That Plaintiff and the putative class members take nothing by this action;

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

4. That the Court enter judgment against Plaintiff and in favor of Defendant;

5. That Plaintiff be ordered to pay Defendant's costs of suit and attorneys' fees incurred in this action, as provided by law and/or contract; and

6. That Defendant be awarded such other and further relief as the Court deems just and proper.

Dated: February 2, 2026

LITTLER MENDELSON, P.C.

/s/ J. Russell Blakey

Jyoti Mittal
Alyssa S. Gjedsted
Jonathan Russell Blakey

Attorneys for Defendant
FORWARD AIR SERVICES, LLC

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, California 90067. On February 2, 2026, I served the following document(s):

**DEFENDANT FORWARD AIR SERVICES, LLC'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

☐ **BY PERSONAL SERVICE.** I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY UNITED STATES MAIL.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and *(specify one):*

☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

☐ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at*:* **Los Angeles, California**.

☐ **BY OVERNIGHT DELIVERY.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **BY MESSENGER SERVICE.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

☐ **BY FAX TRANSMISSION.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached. the

☒ **BY ELECTRONIC SERVICE.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below by emailing to each of the aforementioned electronic mail addresses without error. My email address is kwestmartin@littler.com.

Seung L. Yang, Esq.
Tiffany Hyun, Esq.
Sean Hardy, Esq.
THE SENTINEL FIRM, APC
355 S. Grand Ave., Suite 1450
Los Angeles, California 90071
Telephone 213.985.1150
Facsimile: 213.985.215
E-Mail(s): seung.yang@thesentinelfirm.com;
tiffany.hyun@thesentinelfirm.com;
sean.hardy@thesentinelfirm.com;
Ivette.hernandez@thesentinelfirm.com

*Attorneys for Carmelo Vielma*

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on February 2, 2026, at Los Angeles, California.

/s/ Kathleen West-Martin

Kathleen West-Martin

LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
310.553.0308