UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMELO VIELMA, individually and on behalf of all others similarly situated, Plaintiff, v. FORWARD AIR SERVICES, LLC and DOES 1 through 10, Defendants. | Case No.: 3:26-cv-01935-CAB-JAC **ORDER STAYING ACTION** **[Doc. No. 11]** |

Before the Court is Defendant Forward Air Services, LLC's motion to dismiss, or in the alternative, to stay. [Doc. No. 11.] The matter is fully briefed and the Court finds it suitable for determination on the papers. *See* CivLr 7.1(d)(1). For the reasons discussed below, Defendant's motion is **GRANTED,** and the action is **STAYED**.

## I. BACKGROUND

Plaintiff Carmelo Vielma ("Vielma") formerly worked as an hourly, non-exempt cargo handler for Defendant Forward Air Services, LLC ("Defendant"). [Doc. No. 1-2 at 5.] Vielma brought the instant action against Defendant on October 31, 2025, in San Diego County Superior Court, bearing Case No. 25CU059055C. [Doc. No. 1 at 2–3.] Vielma brings eight causes of action, most of which are failures to comply with the California

Labor Code. [*See* Doc. No. 1-2 at 2–4.] On March 26, 2026, Defendant removed the case to federal court. [Doc. No. 1 at 2.]

Previously, on August 28, 2025, Federico Hernandez Jr. ("Hernandez") also sued Defendant on behalf of himself and class members in Los Angeles County Superior Court, Case No. 25STCV25400 ("*Hernandez* action"). [Doc. No. 4 at 2.] Both Hernandez's and Vielma's actions bring the same causes of action, on behalf of the same putative class members, over the same time period. [*Id.* at 2–4.]

After Hernandez filed his complaint, the Los Angeles County Superior Court stayed his action pending the initial status conference. [Doc. No. 16-2 at 13.] Following the status conference, the state court lifted the stay to allow Defendant to file a motion to compel arbitration by December 30, 2025. [*Id.*] On December 15, 2025, Hernandez filed an amended complaint. [*Id.* at 14.] Defendant removed the case to the Central District of California on January 23, 2026. [*Id.* at 2.] Defendant never filed a motion to compel arbitration. [Doc. No. 15-1 at 17.] On February 20, 2026, Hernandez filed a motion to remand arguing that removal was improper because Defendant allegedly missed the deadline to compel arbitration in state court. [Doc. No. 15-1 at 25–27.]

On May 19, 2026, in the instant case, Defendant moved to dismiss, or in the alternative, to stay pursuant to the first-to-file rule. [Doc. No. 11.] Vielma argues that Defendant's motion should be denied because of their alleged forum shopping in the *Hernandez* action. [Doc. No. 15.] In the alternative, Vielma requests that the Court stay this action pending the *Hernandez* motion for remand or transfer this action to the Central District. [*Id.* at 4.]

## II. LEGAL STANDARD

"There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982). "[W]hen two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try

the lawsuit[.]" *Id.* at 95. The doctrine, known as the "first-to-file rule," is "designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016).

In deciding whether to apply the first-to-file rule, the Ninth Circuit considers three factors: (1) chronology of the lawsuits, (2) similarity of the parties, and (3) similarity of the issues. *Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). If the court decides to apply the first-to-file rule, it has the discretion to dismiss, stay, or transfer the case. *See Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623, 628 (9th Cir. 1991); *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183–84 (1952) ("Necessarily, an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.").

The rule is "not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc.*, 678 F.2d at 95. But, the rule "should not be disregarded lightly." *Church of Scientology of Cal.*, 611 F.2d at 750. "[C]ircumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, and forum shopping." *Alltrade*, 946 F.2d at 628 (cleaned up).

## III. DISCUSSION

The Court finds that all three factors—chronology, party similarity, and issue similarity—weigh for applying the first-to-file rule. The *Hernandez* action was filed two months before *Vielma's* action. [*See* Doc. No. 4 at 2; *see* Doc. No. 1 at 1.] The parties involved are similar, the putative class in both actions are the same, and Forward Air Services, LLC is a defendant in both actions. [Doc. No. 11-1 at 7–8, 11–12.] Further, as Defendant notes, Vielma "and Hernandez are not only named plaintiffs in their respective Actions, but also putative class members in each other's Actions." [Doc. No. 11-1 at 13.]

Finally, the causes of action and issues in each of the plaintiffs' complaints are substantially the same. [*Id.* at 13–14.]

Plaintiff argues that Defendant engaged in forum shopping by allegedly removing the *Hernandez* action to federal court because it "miss[ed] its deadline to file a motion to compel arbitration" in state court. [Doc. No. 15 at 2–3.] This exact issue, however, is currently pending with the Central District in the motion to remand. *See Hernandez v. Forward Air, LLC*, Case No. 2:26-cv-717-CV-E, Doc. No. 15 at 7–9 (C.D. Cal. Feb. 20, 2026). Thus, the Court ruling on this issue could potentially create "conflicting judgments." *Church of Scientology*, 611 F.2d at 750. The Court finds that the first-to-file rule applies.

"In implementing the 'first to file' rule, federal courts commonly stay the second filed action to afford the court of the first filed action an opportunity to decide whether to keep the dispute. If the 'first filed' court keeps the action, the 'second filed' action can be subsequently dismissed or transferred. If the 'first filed' court does not keep the dispute, the stay in the second filed action can be subsequently lifted." *Longview Fibre Paper & Packaging, Inc. v. Travelers Indem. Co.*, No. C06-5666FDB, 2007 WL 601226, at *1 (W.D. Wash. Feb. 22, 2007) (citing *Alltrade*, 946 F.2d at 628). The Central District recently stated that it expects to issue its decision on the motion to remand no later than October 30, 2026. *Hernandez*, Case No. 2:26-cv-717-CV-E, Doc. No. 22 (C.D. Cal. July 29, 2026). Accordingly, the Court **STAYS** this action pending the Central District's decision on the motion to remand in *Hernandez*.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion and **STAYS** the action. The parties shall file a notice with the Court within three days of the Central District issuing its decision on the motion to remand in *Hernandez*.

**IT IS SO ORDERED.**

Dated: August 4, 2026

Hon. Cathy Ann Bencivengo
United States District Judge